FRED A. BARTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. ROY L. BARTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY N. BARTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10171–10173. Promulgated January 23, 1928.

*L. M. Hirschtritt, Esq.*, for the petitioners.
*Alva C. Baird, Esq.*, for the respondent.

OPINION.

MARQUETTE: The parties to this proceeding have stipulated that if the petitioners realized taxable gain as the result of the dissolution of the Hill Clothes Shop and the transfer of its assets to the partnership composed of the three petitioners, the amount of such gain to each petitioner was $24,305.05 instead of $26,291.72 as heretofore determined by the respondent. The petitioners contend, however,

that it was understood and intended by the three stockholders of the Hill Clothes Shop that the net earnings for each year should become and be the property of the stockholders; that they considered that the surplus standing on the corporation's books had in fact been distributed among and belonged to them, and was subject to their demands; that there was in fact no surplus belonging to the corporation to be transferred to the partnership and that therefore they realized no taxable gain as a result of the dissolution of the corporation and the transfer of its assets.

Upon consideration of the evidence herein we are unable to agree with the petitioners' contention. There is nothing in the record which supports the conclusion that the net earnings of the Hill Clothes Shop were at any time distributed to the stockholders either formally or informally. There was no formal declaration of a dividend nor was any part of the net earnings distributed or credited to the stockholders on the corporation's books. On the other hand the evidence clearly shows that the net earnings were carried to surplus and remained on the books as a part of the corporation's capital. Regardless of what the stockholders thought about their right to the earnings, the evidence fails to show that they, prior to the dissolution of the corporation, ever took any steps to appropriate them to themselves that can be considered as amounting to a dividend or distribution. We are of the opinion that the amounts carried in the surplus account were in fact and in law the property of the corporation and not of the stockholders, and that each of the petitioners, upon the dissolution of the corporation, realized taxable gain in the amount of $24,305.05.

*Judgment will be entered on 15 days' notice, under Rule 50.*